IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| AJP EDUCATIONAL FOUNDATION, INC. d/b/a AMERICAN MUSLIMS FOR PALESTINE,<br><br>*Plaintiff*,<br><br>vs.<br><br>**JASON S. MIYARES**,<br><br>*Defendant*. | CASE No.: 1:25-cv-01617-LMB-IDD |

**DECLARATION OF MUNJED A. AHMAD, ESQ.**

I, Munjed Ahmad, hereby declare under penalty of perjury under the laws of the United States and in accordance with 28 U.S.C. § 1746 the following:

1. I am over 18 and of sound mind.

2. I make this Declaration based on my own personal knowledge.

3. I am one of the co-founders of AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP") and currently serve as the Vice Chairman of its Board of Directors.

4. I wanted to present this testimony in person, but I am an attorney living and working in Milwaukee, Wisconsin, and court scheduled a hearing in a matter where I am counsel of record that directly conflicts with this hearing..

5. I am familiar with the legal actions in Virginia in which AMP is involved. I regularly work closely with our attorneys in AMP's defense against those actions.

6. AMP is incorporated in California, and moved its principal place of business to Virginia in 2016.

1

7. At that time, AMP received a Certificate of Authority to Transact Business in Virginia as a Foreign Corporation.

8. AMP continued to file yearly reports with the Commonwealth of Virginia as required by law.

9. Prior to 2023, AMP was unaware of any requirement to register with the Virginia Department of Agriculture and Consumer Services ("VDACS").

10. The first time AMP became aware of the requirement to register with VDACS was Attorney General Miyares' October 31, 2023 press conference and press release announcing his investigation into AMP.

11. Prior that date, AMP received no communication from any Commonwealth representative informing it that it was out of compliance with the VDACS registration requirement.

12. Upon learning that it needed to register with VDACS, AMP promptly registered and remains in compliance.

13. AMP also filed the registrations for the back years that it had not registered, 2016 – 2023.

14. AMP responded to the portions of the CID it does not challenge on December 7, 2023, and produced responsive records to the Attorney General's office.

15. AMP also filed a Petition to set aside or modify the CID with the Richmond City Circuit Court on November 27, 2023, pursuant to Virginia Code Section 59.1-9.10.

16. In that Petition, AMP argued that portions of the CID went beyond the scope of the Attorney General's authority to investigate the Virginia Solicitation of Contributions ("VSOC") law, and violated AMP's constitutional rights.

17. However, in ruling on AMP's petition, the Circuit Court only ruled that the Attorney General had the right to <u>initiate</u> the investigation, and did not address AMP's arguments as to the CID's scope.

18. AMP therefore timely appealed that Order to the Virginia Court of Appeals and requested of both the Circuit Court and the Court of Appeals that the Attorney General be stayed from enforcing the CID pending the outcome of that appeal.

19. Both courts declined to stay enforcement, citing jurisdictional reasons.

20. While AMP's timely-filed appeal remained pending, Attorney General Miyares filed a separate enforcement action.

21. AMP asserted that it should not have to comply with the CID while a timely-filed appeal made its way through the court system, but the Circuit Court in the enforcement action ordered on May 9, 2025 that AMP would have to comply. It too did not rule on the substance or the scope of AMP's constitutional objections.

22. The Attorney General's office then moved for a Rule to Show Cause.

23. At that hearing, the Circuit Court judge found that AMP is in civil contempt of the May 9 Order to comply and issued a fine of $8,000, ordering AMP to comply with the CID in full by October 3, 2025, or additional fines of $1,000 per day would accrue. That court did not rule on the substance or scope of AMP's constitutional objections.

24. To date, no Commonwealth court has ruled on AMP's challenge to the scope of the CID.

25. To date, no Commonwealth court has ruled on AMP's constitutional objections to the CID.

26. AMP therefore filed the instant action in this Court and moved for a TRO to preserve the status quo pending this Court's full review.

27. AMP remains in compliance with Commonwealth and federal law, and the Attorney General has yet to identify any ongoing violation by AMP.

28. In fact, the Attorney General's office claimed in oral argument before the Court of Appeals that it wanted the information it seeks in order to contact donors to AMP and <u>ask</u> if there's been any violation of the VSOC law.

29. Compliance with the CID as written imposes a huge burden on AMP, since the CID has no temporal limitations and seeks the names and contact information of not only all donors to AMP, but all volunteers at all events in AMP's history, and all individuals or organizations who ever participated in AMP's events.

30. Not only does this broad scope violate AMP's First and Fourth Amendment rights, but it presents a nearly impossible task for a non-profit organization with limited staff and capacity to compile all of the records the Attorney General seeks.

31. AMP simply asks for the Attorney General to wait to enforce the CID until after a court, either of the Commonwealth, or this Court, reviews AMP's constitutional challenges.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Munjed A. Ahmad, Declarant

10/02/2025
_____
Date Executed