UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **AJP Educational Foundation d/b/a American Muslims for Palestine,** ) ) ) | |
| **Plaintiff,** ) ) | Case No. 1:25-cv-01617-LMB-IDD |
| v. ) ) | |
| **JASON S. MIYARES, in his official capacity as Attorney General of Virginia,** ) ) ) | |
| **Defendant.** ) ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION IN PART AND MOTION FOR RECONSIDERATION IN PART OF THE ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

## **INTRODUCTION**

On October 3, 2025, this Court ordered "that execution of the Richmond City Circuit Court order entered on September 29, 2025, which imposed sanctions on plaintiff, be and is STAYED until the dispute between the parties has been fully adjudicated through the Virginia state court system." ECF No. 19. The Court also enjoined the Attorney General from further enforcement of "the CID to the extent that it would require the disclosure of information protected by the First Amendment to the U.S. Constitution until the dispute between the parties has been fully adjudicated through the Virginia state court system." *Id.*

The Attorney General moves this Court to clarify its October 3, 2025 Order by addressing the following three questions: (1) whether under that Order the Attorney General may still judicially enforce the parts of the CID that do not seek information "protected by the First Amendment" through proceedings in the Richmond City Circuit Court ("Circuit Court"); (2) whether "the dispute between the parties" referenced in the October 3, 2025 Order refers to *AJP Educational Foundation d/b/a American Muslims for Palestine v. Miyares*, Record No. 1420-24-2, which is currently pending before the Court of Appeals of Virginia; and (3) whether the October 3, 2025 Order enjoins the judges of the Circuit Court.

The parties are scheduled to appear before the Circuit Court on October 28, 2025, for a status hearing and a motion filed by AMP to stay those proceedings and there is disagreement regarding the intended scope and effect of the October 3, 2025 Order. Clarification on these issues will assist the parties and the Circuit Court to comply with the Court's October 3, 2025 Order.

In addition, to the extent that this Court has enjoined the judges of the Circuit Court it should reconsider this decision because it is inconsistent with Fed. R. Civ. Proc. 65(d)(2) and the

1

general principle that non-parties should not be enjoined without notice and the opportunity to be heard.

## BACKGROUND

### I. The Circuit Court heard and decided AMP's constitutional challenges to the CID

On October 27, 2023, the Attorney General issued a Civil Investigative Demand ("CID") to AMP. Compl. ¶ 4, ECF No. 1. Virginia law provides that a recipient of a CID may petition to modify or set aside a CID upon "any constitutional or other legal right or privilege" of that party. Va. Code § 57-59(C) (incorporating the provisions regarding CIDs into the VSOC law); Va. Code § 59.1-9.10(F).

On November 27, 2023, AMP elected to challenge the CID in state court by filing a Petition in the Circuit Court to set aside or modify the Attorney General's CID ("Petition to Set Aside the CID"). Compl. ¶ 32, ECF No. 1; Pet. to Set Aside CID, ECF No. 1-2. In its Petition, AMP challenged the CID on the grounds that it allegedly violated its First Amendment rights and that the information sought was protected by other unspecified common law rights, privileges, protections, and doctrines. Pet. to Set Aside CID 4–12.

Following a hearing, on July 30, 2024, the Circuit Court held that AMP's admitted violations of the VSOC law gave the Attorney General "*per se* reasonable cause for legitimate concerns as to whether funds were being used for their stated purpose, pursuant to Code §§ 57-59 and 59.1-9.10." July 30, 2024 Order, ECF No. 1-3. Rejecting AMP's claim to the contrary, the Court further found "that the Attorney General acted in good faith and reasonably in accordance with the statutory requirement and [had] not exceeded its authority" and denied in toto AMP's Petition to Set Aside the CID. *Id.* In doing so, the Circuit Court rejected AMP's First Amendment argument. *See, e.g., Callison v. Glick*, 297 Va. 275, 294 (2019).

AMP appealed the Circuit Court's July 30, 2024 Order to the Court of Appeals of Virginia. *See* Compl. ¶ 39; Br. of Appellee, ECF No. 15-2. That case, which is styled *AJP Educational Foundation d/b/a American Muslims for Palestine v. Miyares*, Record No. 1420-24-2, has been briefed and argued and is awaiting decision. *See* Br. of Appellee; Mem. in Support of TRO 7 n. 3 ("Mem."), ECF 9-1.

## II. The Attorney General enforced the CID in the Circuit Court, and this Court appears to enjoin the judges of the Circuit Court from enforcing the order finding AMP in contempt and imposing sanctions

On January 14, 2025, the Attorney General filed a Petition to enforce the CID in the Circuit Court ("Petition to Enforce"), styled *Commonwealth of Virginia, ex. Rel. Jason S. Miyares, Attorney General v. AJP Educational Foundation d/b/a American Muslims for Palestine*, No. 25-174 (Richmond City Cir. Ct.). Compl. ¶ 7; Pet. to Enforce CID, ECF No. 15-6. On June 13, 2025, the Circuit Court directed AMP to comply with the CID within 14 days. June 13, 2025 Order, ECF No. 15-8. After the Attorney General's efforts to contact AMP regarding its non-compliance with the Order went unanswered, the Circuit Court entered a Rule to Show Cause that directed AMP to appear on September 29, 2025 to show cause why it should not be held in contempt for violating the June 13, 2025 Order. Compl. ¶ 50; ECF No. 1-4 at 4–9, 15–16.

On September 26, 2025, AMP filed the Complaint in this action, which seeks injunctive relief to avoid compliance with the CID and the June 13, 2025 Order of the Circuit Court. Compl. 14–15. The Complaint, which is entirely based on the CID and the state court proceedings, asserts five claims alleging that the Attorney General violated AMP's rights under the U.S. Constitution. Compl. ¶¶ 12–98. As relief, AMP asked this Court to issue a temporary restraining order prohibiting the Attorney General from enforcing the CID until a court rules on the constitutionality of the scope of the CID. *Id.* at 14–15.

3

On September 29, 2025, the parties appeared in the Circuit Court on the Rule to Show Cause entered by the Circuit Court. Compl. ¶ 51; Mem. 3–4; Sept. 29, 2025 Order, ECF No. 15-10. After AMP's counsel admitted that nothing had been done to comply with the June 13, 2025 Order, the Circuit Court found AMP in civil contempt, ordered it to comply by no later than October 3, 2025, and imposed a monetary penalty for each day thereafter that AMP had not complied with the order. Mem. 2; Sept. 29, 2025 Order 1–2. The Circuit Court set a status hearing regarding compliance with its order on October 28, 2025. *See* Sept. 29, 2025 Order.

On October 1, 2025, AMP filed its Emergency Motion for a Temporary Restraining Order and asked this Court to enter a TRO enjoining the Attorney General from enforcing the CID against AMP. Mem. 10. This Court scheduled a hearing on the Motion for a TRO for October 3, 2025. ECF No. 11.

On October 3, 2025, the Court granted the temporary restraining order. ECF No. 19. The Court ordered "that execution of the Richmond City Circuit Court order entered on September 29, 2025, which imposed sanctions on plaintiff, be and is STAYED until the dispute between the parties has been fully adjudicated through the Virginia state court system." *Id.* The Court also enjoined the Attorney General from further enforcement of "the CID to the extent that it would require the disclosure of information protected by the First Amendment to the U.S. Constitution until the dispute between the parties has been fully adjudicated through the Virginia state court system." *Id.*

On October 6, 2025, AMP filed a Motion to Stay and Reconsider in the Circuit Court in the Petition to Enforce matter that seeks to have the Circuit Court stay its Order of September 29, 2025. Mot. to Stay and Reconsider 2, attached as Ex. 1 (omitting exhibits which correspond to ECF Nos. 1 & 19). AMP asks the Circuit Court to stay any further actions by the Attorney General

4

to enforce the CID until the October 3, 2025 Order is no longer in effect. *Id.* AMP represented to the Circuit Court that the October 3, 2025 Order enjoined the Attorney General "from any further actions seeking to enforce the CID." *Id.* ¶ 6. The Circuit Court has requested that the Attorney General respond to AMP's motion by October 24, 2025, which the Circuit Court will address at the October 28, 2025 hearing.

On October 17, 2025, this Court issued a Memorandum Opinion that expanded upon the Court's reasoning for granting preliminary injunctive relief. ECF No. 25.

AMP has not provided the Attorney General with any supplemental responses to the CID since the issuance of the September 29, 2025 Order.

**LEGAL STANDARD**

There is no Federal Rule of Civil Procedure that explicitly provides for or governs a motion for clarification. *See United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018). The "general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (quoting *Resolution Trust Corp. v. KPMG Peat Marwick, et al.*, No. 92-1373, 1993 U.S. Dist. LEXIS 16546, at *5 (E.D. Pa. June 8, 1993)).

District courts retain the power to revise, reconsider, and modify their interlocutory judgments "at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *see* Fed. R. Civ. P. 54(b). Federal Rule of Civil Procedure 54(b) governs such interlocutory orders. Fed. R. Civ. P. 54(b); *see Zaklit v. Global Linguist Solutions, LLC*, No. 1:14cv314, 2014 U.S. Dist. LEXIS 115984, at *3–4 (E.D. Va. Aug. 19, 2014). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n*, 326

F.3d at 514. "The resolution of motions to reconsider pursuant to Rule 54(b) is 'committed to the discretion of the district court,' which may be exercised 'as justice requires.'" *Zaklit*, 2014 U.S. Dist. LEXIS 115984, at *1 (quoting *Am. Canoe Ass'n*, 326 F.3d at 515).

## ARGUMENT

Every order granting an injunction must "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. Proc. 65(d)(1). The purpose of these requirements is "to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (citation omitted). Those enjoined should "receive explicit notice of precisely what conduct is outlawed." *Pashby v. Delia*, 709 F.3d 307, 331 (4th Cir. 2013) (quoting *Schmidt*, 414 U.S. at 476).

The Attorney General respectfully requests that this Court clarify its October 3, 2025 Order in three ways. First, it should clarify that the Attorney General is not enjoined from enforcing the portions of the CID that do not seek information "protected by the First Amendment" through further proceedings in the Circuit Court. Second, it should clarify that the reference to "the dispute between the parties" refers to *AJP Educational Foundation d/b/a American Muslims for Palestine v. Miyares*, Record No. 1420-24-2, which is currently pending before the Court of Appeals of Virginia. Finally, it should clarify whether it has enjoined the judges of the Circuit Court. The answers to these questions will assist the parties and the Circuit Court to comply with the October 3, 2025 Order while it is in effect.

In addition, to the extent that the October 3, 2025 Order has enjoined the judges of the Circuit Court from executing the September 29, 2025 Order, this Court should reconsider this

6

element of the Order. Enjoining non-parties without notice and an opportunity to be heard is contrary to settled legal principles and Fed. R. Civ. Proc. 65(d)(2).

I. **This Court should clarify that the October 3, 2025 Order does not prohibit the Attorney General from enforcing through the Circuit Court the portions of the CID that do not require disclosure of information "protected by the First Amendment"**

This Court should clarify that the October 3, 2025 Order does not enjoin the Attorney General from further enforcement through the Circuit Court of the portions of the CID that do not require AMP to disclose information "protected by the First Amendment to the U.S. Constitution."

The Attorney General understands the text of the October 3, 2025 Order to implicitly permit it to move forward with enforcing the vast majority of the CID that does not require production of information "protected by the First Amendment." ECF No. 19. Unless AMP complies voluntarily with these portions of the CID, which it has not done and shows no indication of doing, the Attorney General will need to seek relief from the Circuit Court to enforce CID and the June 13, 2025 Order. The October 3, 2025 Order appears to allow the Attorney General to seek enforcement of these portions of the CID with the Circuit Court and for the Circuit Court to grant such relief. *See* Oct. 3, 2025 Order (enjoining enforcement of "the CID *to the extent that it would require the disclosure of information protected by the First Amendment to the U.S. Constitution* until the dispute between the parties has been fully adjudicated through the Virginia state court system") (emphasis added). Nonetheless, AMP has represented to the Circuit Court that the October 3, 2025 Order enjoined the Attorney General "from any further actions seeking to enforce the CID." Mot. to Stay and Reconsider ¶ 6. While AMP's position is inconsistent with this Court's Order, it reveals uncertainty surrounding the meaning of the Order that is best resolved by this Court.

Furthermore, the Order is ambiguous regarding whether the stay of execution of the September 29, 2025 Order is a prohibition on the Attorney General asking the Circuit Court to

assess whether AMP has complied with Circuit Court's June 13, 2025 and September 29, 2025 Orders as it relates to information not protected by the First Amendment. Likewise, it is unclear whether the judges of the Circuit Court are enjoined from raising such issues of their own accord.

Furthermore, while the Court has stayed "the execution" of the September 29, 2025 Order, it is ambiguous whether AMP continues to accrue sanctions every day it does not comply with the portions of the CID that do not require disclosure of information "protected by the First Amendment" to be potentially executed upon at a later date. The October 3, 2025 Order is silent on this point while the Court, at the hearing, indicated it was "stay[ing] any further imposition of fines." Oct. 3, 2025 Hr'g Tr. 38:5–6, ECF No. 23. There does not appear to be any reason to stay AMP's accrual of fines for not complying with the portions of the CID that are not implicated by the Court's Order. Accordingly, as long as it does not violate this Court's Order, the Attorney General would likely ask the Circuit Court to assess the sanctions that AMP has incurred for not complying with the portions of the CID that do not implicate the First Amendment. Or, alternatively, the Attorney General could request that the Circuit Court reformulate its September 29, 2025 Order to only sanction AMP going forward for not responding to the portions of the CID that do not implicate the First Amendment.

In light of the upcoming October 28, 2025 hearing before the Circuit Court and the Attorney General's interest in pursuing enforcement of the portions of the CID that do not require disclosure of information "protected by the First Amendment," the parties and the Circuit Court would benefit from clarification on this issue.

**II.    This Court should clarify that the duration of the stay and the injunction is tied to the resolution of *AJP Educational Foundation d/b/a American Muslims for Palestine v. Miyares*, Record No. 1420-24-2**

"[T]he dispute between the parties" is a key term in the October 3, 2025 Order because the duration of the stay of the execution of the September 29, 2025 Order and the injunction against the Attorney General is tied to "the dispute" being "fully adjudicated through the Virginia state court system." ECF No. 19. There is uncertainty surrounding this term because there are two proceedings involving these parties in Virginia state courts, the Petition to Set Aside the CID and the Petition to Enforce. AMP originally raised its constitutional objections to the CID in its Petition to Set Aside the CID, which is currently on appeal, and it also raised those constitutional challenges to the CID in the Complaint in this action. In contrast, the Petition to Enforce is a narrower proceeding more akin to a motion to compel. Accordingly, it makes sense to tie the duration of the October 3, 2025 Order to the Petition to Set Aside the CID being fully adjudicated through the Virginia court system rather than tying it to the Petition to Enforce, which this Court has partially stayed. In any event, the Petition to Enforce has been granted and the time to appeal that decision has already run. *See* ECF No. 15-8.

For these reasons, the parties and the Circuit Court would benefit from clarification that "the dispute between the parties" referenced in the October 3, 2025 Order refers to the pending appeal of the Circuit Court's denial of AMP's Petition to Set Aside the CID, *AJP Educational Foundation d/b/a American Muslims for Palestine v. Miyares*, Record No. 1420-24-2, which is currently awaiting a decision in the Court of Appeals of Virginia.

9

### III. The Court should clarify whether the October 3, 2025 Order enjoins the judges of the Circuit Court from executing on the September 29, 2025 Order

The parties and the Circuit Court would benefit from clarity regarding whether the portion of the October 3, 2025 Order that stays execution of the Circuit Court's September 29, 2025 Order enjoined the judges of the Circuit Court. Although the October 3, 2025 Order does not explicitly enjoin any judge of the Circuit Court, or any other individual, from executing on the September 29, 2025 Order until the dispute between the parties has been fully adjudicated through the Virginia state court system, that appears to be its intention and effect. ECF No. 19; *see* Oct. 3, 2025 Hr'g Tr. 37:24–38:3 ("But basically I'm enjoining the state court from enforcing any further disclosure or response to the interrogatories that could reveal First-Amendment-protected information."). For the stay of execution to have that effect, it would need to enjoin the judges in a position to execute on the September 29, 2025 Order. *See Id.*

The purpose of Federal Rule of Civil Procedure 65(d)'s requirement that an order granting an injunction state its terms specifically is "to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt*, 414 U.S. at 476. If the judges of the Circuit Court are being enjoined, they should "receive explicit notice of precisely what conduct is outlawed." *Id.*

To the extent that the October 3, 2025 Order enjoined only the Attorney General from executing on the September 29, 2025 Order, this Court should clarify that the judges of the Circuit Court were not and are not enjoined regarding their own inherent contempt power and enforcement of the September 29, 2025 Order.

### IV. To the extent that the October 3, 2025 Order enjoins the judges of the Circuit Court, this Court should reconsider its Order

"As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated." *Additive Controls & Measurement Sys. v. Flowdata, Inc.*, 154 F.3d 1345, 1351 (Fed. Cir. 1998) (citing *Chase Nat'l Bank v. City of Norwalk*, 291 U.S. 431, 436–37 (1934)). The Supreme Court has recognized that enjoining persons who are not parties to the suit is objectionable because it fails to "comport[] with well-settled principles of equity procedure to include them in an injunction in a suit in which they were not heard or represented, or to subject them to penalties for contempt in disregarding such an injunction." *Scott v. Donald*, 165 U.S. 107, 117 (1897). Fed. R. Civ. Proc. 65(d)(2) reflects these principles by providing that an order granting an injunction "only" binds "the parties," "the parties' officers, agents, servants, employees, and attorneys," and "persons who are in active concert or participation with" such individuals. Fed. R. Civ. Proc. 65(d)(2).

Here, to the extent that the October 3, 2025 Order enjoined the judges of the Circuit Court, such an injunction would be improper because the judges of the Circuit Court were not made parties to the Complaint and were not heard prior to its entry yet—if subject to the injunction—could conceivably face contempt proceedings for disobeying the injunction. *See Ram v. Lal*, 906 F. Supp. 2d 59, 66, 68, 77–79 (E.D.N.Y. 2012) (denying preliminary injunction in a § 1983 action that sought, in part, to enjoin a non-party state court alleged to have violated the plaintiffs' First Amendment rights by issuing certain decisions and finding that the state court was a necessary party to the action). Furthermore, such an injunction would be improper because it lacks any finding that the judges of the Circuit Court acted in "active concert or participation" with the Attorney General. *See* Fed. R. Civ. Proc. 65(d)(2). Accordingly, this Court is barred from enjoining

11

the judges of the Circuit Court while they remain non-parties.[1] Therefore, the Attorney General respectfully requests that the Court reconsider its October 3, 2025 Order to the extent it has enjoined the judges of the Circuit Court.

## **CONCLUSION**

For the reasons stated above, this Court should clarify certain portions of its October 3, 2025 Order for the benefit of the parties and the Circuit Court. Ins addition, to the extent that the October 3, 2025 Order enjoined the judges of the Circuit Court, this portion of the Order should be reconsidered.

---

[1] This Court is also barred from enjoining the judges of the Circuit Court from enforcing the September 29, 2025 Order, an order that was enforcing the Circuit Court's June 13, 2025 Order, because this case falls squarely within a category of case that can "trigger *Younger* abstention." *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 78–79 (2013); *see Juidice v. Vail,* 430 U.S. 327, 335–36 (1977). "[F]ederal-court interference with [a] State's contempt process is 'an offense to the State's interest . . . likely to be every bit as great as it would be were [it] a criminal proceeding." *Juidice,* 430 U.S. at 336 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)). However, the Attorney General recognizes that the Court has reached a contrary decision with respect to the preliminary injunction regarding *Younger* abstention. ECF No. 25 at 23–24.

Dated: October 22, 2025

Respectfully submitted,

**JASON S. MIYARES, in his official capacity as Attorney General of Virginia**

By Counsel:  /s/ Christopher P. Bernhardt
Christopher P. Bernhardt* (VSB No. 80133)
Senior Assistant Attorney General
Mark S. Kubiak* (VSB No. 73119)*
Senior Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 371-0977 (CPB)
Facsimile:  (804) 371-2087
Email: cbernhardt@oag.state.va.us
        mkubiak@oag.state.va.us
*Counsel of Record for Defendant*

Jason S. Miyares
Attorney General of Virginia

Thomas J. Sanford
Deputy Attorney General

## CERTIFICATE

I hereby certify that on October 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy to all counsel of record.

/s/ Christopher P. Bernhardt
Christopher P. Bernhardt (VSB No. 80133)
Senior Assistant Attorney General