CID Compliance Chart

| Request | AG's Position | AMP's Position |
|---|---|---|
| Requests for Production Nos. 1, 2, 3, 13, 14, 15, and 31. | AMP has provided satisfactory responses to the following **Requests for Production: 1, 2, 3, 13, 14, 15, and 31**. | Agreed |
| **RFP 4**: All meeting minutes and agendas for any meeting of your board of directors, or any subcommittee of the board. | AMP has not provided documents responsive to this request. The Attorney General ("AG") has informed AMP that it can redact individuals' names in its production.<br><br>Comments made during the oral argument in *First Choice v. Platkin* are not binding authority, and, as stated by this Court, the resolution of *First Choice* is unlikely to resolve the issues presented by this litigation. ECF No. 45, Dec. 5, 2025 Tr. 15:8–16. Moreover, Chief Justice Roberts's question is irrelevant to this Request because it does not seek donor names and contact information.<br><br>This Request is appropriately tailored to the AG's investigation into AMP's | AMP objects to this Request under the First as well as the Fourth Amendment because the scope is not reasonable in time or content. Furthermore, redacting names does not resolve any First Amendment concerns. The Supreme Court of the United States recently addressed quite a similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns.<br>Located on the Supreme Court's website, at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf  (last accessed Dec. 23, 2025).<br><br>Furthermore, this Request exceeds the scope of questions previously propounded to other CID recipients by the Virginia Attorney General's office in similar circumstances and is therefore without precedent, as well as failing to be narrowly tailored to the injury purportedly under investigation. |

CID Compliance Chart

| | | |
|---|---|---|
| | solicitations while unregistered, financial irregularities in AMP's 990s, and whether AMP's use of solicited funds corresponds to its representations in its solicitation materials.<br><br>The AG continues to seek AMP's compliance with this Request. | |
| **RFP 5**: Documents sufficient to identify all of your employees, including their position/title and time periods employed. | AMP's response to this Request pointed to portions of AMP's Forms 990 that identify high-level executive employees. AMP has not provided any supplemental documents.<br><br>This Request is reasonable in scope and not unreasonably burdensome. From AMP's current website, AMP appears to have fewer than 10 employees, which should make compliance with this Request a simple matter. It is reasonable for the AG to identify the employees responsible for solicitations, representations, and spending, among other actions. | Redacting names does not resolve AMP's First Amendment concerns. AMP's identified all employees with the authority to bind the organization in its response. Further, AMP's publicly available website identifies all of its employees. *See Platkin*, Located on the Supreme Court's website, at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf (last accessed Dec. 23, 2025).<br><br>In addition to its First Amendment objection, AMP objects to this request pursuant to the Fourth Amendment because it is not reasonable in scope. Furthermore, this Request exceeds the scope of questions previously propounded to other CID recipients by the Virginia Attorney General's office in similar circumstances and is therefore without precedent, as well as failing to be narrowly tailored to the injury purportedly under investigation. |

CID Compliance Chart

| | The AG continues to seek AMP's compliance with this Request. | |
|---|---|---|
| **RFP 6**: All Internal Revenue Service forms filed by you during the relevant time period, including IRS Forms W-2, Forms W-3, Forms 990, Forms 1023, Forms 1096, and Forms 1099. This request also includes all filed IRS Forms 990-EZ. | AMP's response to this Request was limited to its Forms 990 included in its document production. The AG has held in abeyance all materials sought by this Request except for all Forms 990 and amendments thereto (minus Schedule B information).<br><br>The AG's filings pointed to issues with AMP's Forms 990, namely that the Section IX, Line 24 of the 2017 and 2018 Forms 990 details significant expenses that were not disclosed as they should have been, and AMP's 2020 and 2021 Forms 990 contain inconsistent numbers for the year 2020.<br><br>The AG asks AMP to formally supplement its responses to this Request to confirm that no amended returns exist that address these identified issues and to clearly identify what | AMP did not produce any non-public schedules with the understanding that non-public filings are neither responsive nor requested, as acknowledged by counsel for the Attorney General's office in previous correspondence in this matter. AMP does otherwise not withhold any responsive tax filings in its possession. |

CID Compliance Chart

| | | |
|---|---|---|
| | documents AMP is withholding.<br><br>The AG is willing to withdraw its requests for IRS Forms W-2, W-3, 1096, and 1099 to resolve this Request, provided that the remainder of the requests prioritized by the AG are resolved. | |
| **RFP 7**: Documents sufficient to identify each accountant with financial, accounting, or tax expertise, with whom you have consulted about your financial affairs. | AMP provided no substantive response (except, perhaps, to point to AMP's Forms 990 or registration statements filed with OCRP) to this Request.<br><br>The AG offered for AMP to redact individuals' names from documents to resolve objections.<br><br>The AG incorporates its response regarding *First Choice v. Platkin* set out in RFP 4 above.<br><br>This Request is appropriately tailored to the AG's investigation into AMP's solicitations while unregistered, financial irregularities in AMP's 990s, and whether AMP's use of | AMP objects to this request pursuant to the First Amendment and the Fourth Amendment. Furthermore, redactions would not alleviate the First Amendment concerns, as explained above in further detail. *See Platkin*, Located on the Supreme Court's website, at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf (last accessed Dec. 23, 2025). |

CID Compliance Chart

| | | |
|---|---|---|
| | solicited funds corresponds to its representations in its solicitation materials.<br><br>The AG continues to seek AMP's compliance with this Request. | |
| **RFP 8**: All audits, financial reviews, or other finance statements prepared by or on behalf of your organization. | AMP provided no substantive responses (except, perhaps, to point to AMP's Forms 990 or registration statements filed with OCRP) to this Request.<br><br>The AG offered for AMP to redact individuals' names from documents to resolve objections.<br><br>The AG incorporates its response regarding *First Choice v. Platkin* set out in RFP 4 above.<br><br>This Request is appropriately tailored to the AG's investigation into AMP's solicitations while unregistered, financial irregularities in AMP's 990s, and whether AMP's use of solicited funds corresponds to its representations in its solicitation materials. | AMP objects to this Request under the First as well as the Fourth Amendment because the scope is not reasonable in time or content. Furthermore, redacting names does not resolve any First Amendment concerns. The Supreme Court of the United States recently addressed quite a similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns.<br>Located on the Supreme Court's website, at<br>https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf (last accessed Dec. 23, 2025).<br><br>Furthermore, this Request exceeds the scope of questions previously propounded to other CID recipients by the Virginia Attorney General's office in similar circumstances and is therefore without precedent, as well as failing to be narrowly tailored to the injury purportedly under investigation. |

CID Compliance Chart

| | The AG continues to seek AMP's compliance with this Request. | |
|---|---|---|
| **RFP 9**: Documents sufficient to show any periodic budget, general ledger, profit and loss statement, balance sheet, or other financial reporting document for you. | AMP provided no substantive responses (except, perhaps, to point to AMP's Forms 990 or registration statements filed with OCRP) to this Request.<br><br>The AG offered for AMP to redact any individuals' names from documents to resolve any objections.<br><br>The AG incorporates its response regarding *First Choice v. Platkin* set out in RFP 4 above.<br><br>This Request is appropriately tailored to the AG's investigation into AMP's solicitations while unregistered, financial irregularities in AMP's 990s, and whether AMP's use of solicited funds corresponds to its representations in its solicitation materials.<br><br>The AG continues to seek AMP's compliance with this Request. | AMP objects to this Request under the First as well as the Fourth Amendment because the scope is not reasonable in time or content. Furthermore, redacting names does not resolve any First Amendment concerns. The Supreme Court of the United States recently addressed quite a similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns.<br>Located on the Supreme Court's website, at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf (last accessed Dec. 23, 2025).<br><br>Furthermore, this Request exceeds the scope of questions previously propounded to other CID recipients by the Virginia Attorney General's office in similar circumstances and is therefore without precedent, as well as failing to be narrowly tailored to the injury purportedly under investigation. |

CID Compliance Chart

| **RFP 10**: Documents relating to any checking, depository, savings, investment, credit card, debit card, charge card, loan, or other financial account in any bank, credit union, or other institution or service (including person-to-person (P2P) electronic funds transfer accounts ( e.g. PayPal, Venmo, CashApp)) held in your name or otherwise holding funds on behalf of you, including the following [a-l subcategories]<br><br>*** This Request has multiple subparts and appears here in abbreviated form. The complete Request appears at ECF No. 15-1 at 39–40.*** | AMP's response to this Request pointed to AMP's Forms 990 and registration statements filed with the Office of Charitable and Regulatory Programs. The AG requested an explanation of how those documents are responsive to a request for bank records. Consistent with this Court's October 3, 2025 Order, the AG has held this request in abeyance.<br><br>The AG offered for AMP to redact names of individuals to resolve any objections.<br><br>This request is consistent with the scope of past CIDs. The AG maintains the confidentiality of all nonpublic investigative materials, including CIDs, pursuant to Virginia law.<br><br>The AG will withdraw this Request provided that the remainder of the CID requests prioritized by the Attorney General herein are resolved. | AMP refers to its previously provided 990 documents and registration statements showing it to be in compliance via Form 102 because that is the extent of the narrowly proportionate appropriate request by Defendants. Credit cards, charge cards, loan information and other enumerated data far exceed the scope typically requested in the past by the Attorney General's office of other targets of investigations pursuant to CIDs, and therefore constitutes an invasive and unconstitutional as well as retaliatory request. See previously identified authorities above. |

CID Compliance Chart

| | | |
|---|---|---|
| **RFP 11**: Documents sufficient to show all ATM withdrawals and cash advances, the purposes for which each such withdrawal was made, the person who made the withdrawal or sought the cash advance, and the person who authorized it, as well as all supporting Documents relating to such withdrawals. | AMP provided no substantive responses to this Request.<br><br>This request is resolved pending formal supplement from AMP. | AMP objects to this request pursuant to the First Amendment and the Fourth Amendment. As described above, redactions would not alleviate the First Amendment concerns.<br><br>Nonetheless, without waiving its constitutional objections and as previously communicated to counsel for the Attorney General's office, AMP does not retain the requested records regarding ATM withdrawals or other enumerated data, because it does not make use of ATM cards or cash advances. |
| **RFP 12**: Documents sufficient to identify any person to whom you pay rent or otherwise reimburse for the use of office space or other space utilized by you and to show how the amount of rent or other reimbursement is calculated. | AMP had provided no substantive responses (except, perhaps, to point to AMP's Forms 990 or registration statements filed with OCRP) to this Request. The AG offered for AMP to redact individuals' names from documents to resolve any objections.<br><br>The AG will withdraw this Request to resolve the remaining disputes, provided that the remainder of the requests prioritized by the AG herein are resolved. | AMP objects to this Request under the First as well as the Fourth Amendment because the scope is not reasonable in time or content. Furthermore, redacting names does not resolve any First Amendment concerns. The Supreme Court of the United States recently addressed quite a similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns.<br>Located on the Supreme Court's website, at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf (last accessed Dec. 23, 2025). |

CID Compliance Chart

| | | Furthermore, this Request exceeds the scope of questions previously propounded to other CID recipients by the Virginia Attorney General's office in similar circumstances and is therefore without precedent, as well as failing to be narrowly tailored to the injury purportedly under investigation. |
|---|---|---|
| **RFP 16**: All grants and contributions received and held by you each year. | In compliance with this Court's October 3, 2025 Order, the AG holds this Request in abeyance.<br><br>The AG will consider this Request to be resolved if AMP provides the AG with documents showing total donations received each year during the relevant time frame and the amount and dates of each donation received from a Virginia donor during the relevant time period omitting donor names and other identifying information. | AMP objects to this Request under the First as well as the Fourth Amendment because the scope is not reasonable in time or content. Furthermore, redacting names does not resolve any First Amendment concerns. The Supreme Court of the United States recently addressed quite a similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns.<br>Located on the Supreme Court's website, at<br>https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf (last accessed Dec. 23, 2025).<br><br>Furthermore, this Request exceeds the scope of questions previously propounded to other CID recipients by the Virginia Attorney General's office in similar circumstances and is therefore without precedent, as well as failing to be narrowly tailored to the injury purportedly under investigation. |
| **RFP 17**: Copies of all charitable solicitation materials including but not limited to flyers, brochures, mailers, script or text for online advertising, training materials, handouts, | AMP pointed to its public-facing websites and social media posts in response to this Request but has not produced any documents. AMP's response is deficient on its face because it does not include any of the specifically-requested materials. The AG | AMP requests that the OAG clarify what types of materials it would like AMP to prioritize. AMP can then review whether it keeps those materials in the regular course of business.<br><br>AMP sends email solicitations, a representative selection of which AMP provides with this Response, as its primary method of solicitation. AMP also makes solicitations on its website as previously identified. |

CID Compliance Chart

| | | |
|---|---|---|
| guides, telephone scripts, direct mail pieces, newspaper advertisements, solicitations or other advertisements on television or radio, electronic mail, short message service ("SMS") or text messages, social media websites, your websites, and other online environments. | has offered for AMP to produce exemplar charitable solicitation emails for each solicitation email with the names of any recipients redacted.

The AG asks AMP to prioritize producing written charitable solicitation materials from the relevant time period, particularly emails, text for online advertising, and social media advertising.

To the extent that AMP represents that it does not make charitable solicitations in physical formats, by SMS or text messages, by television, or the other formats, the AG asks AMP to formally supplement its response to state this. To the extent that all of AMP's video charitable solicitations from the relevant time period are available on AMP's YouTube page, the AG asks AMP to formally supplement its response to state the same. | While AMP does provide written materials when requested, those occur when requested by student organizations and other groups such as multi-faith groups that wish to conduct "teach-ins" and other similar events, or cultural materials also reflected on its website. Please see for reference the "Educational Materials" section of AMP's website for examples of the materials which AMP may print upon request under the circumstances described above.

In addition and as reflected in AMP's previous answers, on its tax forms and replete throughout its website and social media as already identified, AMP holds an annual convention each year during the weekend following Thanksgiving. For that convention, AMP prints agendas and programs of the events in hard copy. In recent years, by way of example, those annual conventions have attracted over 4,000 attendees—and therefore required a corresponding number of printed materials as well as name tags for speakers and other related materials. These conventions take place each year in the Chicago metropolitan and suburban areas. |

CID Compliance Chart

| | The AG continues to seek AMP's compliance with this Request. | |
|---|---|---|
| **RFP 18:** All solicitations used in connection with seeking charitable contributions to you that were used by a third party on your behalf, including but not limited to flyers, brochures, mailers, script or text for online advertising, training materials, handouts, guides, telephone scripts, direct mail pieces, newspaper advertisements, solicitations or other advertisements on television or radio, electronic mail, SMS or text messages, social media websites, your websites, and other online environments. | AMP provided no substantive responses to this Request.

This request is resolved pending formal supplement from AMP. | Without waiving its prior objections, AMP states that it does not possess any documents responsive to this request since, as identified in response to Request No. 14. AMP does not hire third party organizations to conduct its fundraising. To the extent this Request encompasses third party social media platforms such as Facebook, X (formerly known as Twitter), and Instagram, AMP does its own posts on these platforms itself. |
| **RFP 19:** Documents sufficient to show for each fundraising or | The AG has held in abeyance portions of this Request that sought information relating to | AMP publicly promotes all of its events on its social media platforms. To the extent Attorney General's office seeks additional information not specifically identified, AMP objects to providing any additional information pursuant to |

CID Compliance Chart

| | | |
|---|---|---|
| educational event or conference sponsored or organized by or on behalf of you, including [items a-k]<br><br>*** This Request has multiple subparts and appears here in abbreviated form. The complete Request appears at ECF No. 15-1 at 41–42.*** | speakers, sponsors, employees, and other participants in these events (subparts c., d., and j.).<br><br>Setting aside the subparts of the Request held in abeyance, this Request is narrowly tailored to gather information related to AMP's solicitation activities and the records sought do not appear on AMP's website or social media accounts.<br><br>The AG continues to seek AMP's compliance with this Request. | the Fourth Amendment as well as its First Amendment objections, because the scope of this request is not reasonably limited.<br>As identified above, AMP does not hire third party organizations to conduct fundraising on its behalf. And, AMP already previously identified its conferences, as well as provides full recordings of majority of the presentations that occur at those events, via its YouTube page and its website. Those are readily available to the Attorney General's office to independently review. |
| **RFP 20**: All documents reflecting claims made by or about you on any third-party website through which you make representations about your program services, solicit or accept charitable contributions, or seek third parties to solicit charitable contributions on your behalf (e.g., websites | AMP has not provided any documents in response to this Request other than citing AMP's Forms 990 and registration statements filed with OCRP. AMP's October 27, 2025 response claims that AMP does not have access to third party websites.<br><br>This request is resolved pending formal supplement (which should include a statement that all responsive documents presently appear | AMP construes "third-party" in this Request to mean another entity's website or social media. AMP's social media accounts are public and therefore any information contained therein is equally available to the Attorney General and AMP need not produce them.<br><br>AMP's 990s and Form 102s are responsive to this request to the extent that they reflect any solicitations/fundraising campaigns. Otherwise, AMP has previously identified its social media pages, including its YouTube account and its website containing recordings, which the Attorney General's office may independently review. AMP does not hire outside organizations to provide these services for it. |

CID Compliance Chart

| | on AMP's website or publicly available social media accounts. | |
|---|---|---|
| **RFP 21**: All donor lists, including list-servs and email groups. | Consistent with this Court's October 3, 2025 Order, the AG has held this request in abeyance.<br><br>The AG will consider this Request to be resolved if AMP provides the AG with the dates and amount of each donation received from a Virginia donor during the relevant time period omitting donor names and other identifying donor information.<br><br>The AG denies AMP's allegation that this Request is unusual and without precedent. This Request is consistent with the scope of past CIDs. The AG maintains the confidentiality of all nonpublic investigative materials, including CIDs, pursuant to Virginia law. | AMP has no further objections beyond its already expressed and briefed First and Fourth Amendment objections. Furthermore, AMP points to the Supreme Court of the United States and its recent oral arguments on a very similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns.<br>Located on the Supreme Court's website, at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24 781_f2bh.pdf (last accessed Dec. 23, 2025).<br><br>Furthermore, this Request exceeds the scope of questions previously propounded to other CID recipients by the Virginia Attorney General's office in similar circumstances and is therefore without precedent, as well as failing to be narrowly tailored to the injury purportedly under investigation.<br>And, as identified by Judge Brinkema and recognized by counsel for the Attorney General's office at a hearing in this matter, the Attorney General cannot point to a single complaint received from a donor to AMP that could justify this Request or its level of invasiveness. |
| **RFP 22**: All documents pertaining | AMP provided no substantive responses (except, perhaps, to | AMP objects to this request because its scope is beyond what is reasonable for the Attorney General to request. |

CID Compliance Chart

| | | |
|---|---|---|
| to grants and other assistance given to domestic organizations and governments according to your Form 990 responses for each year in Part IX, Line 1, including the recipients of those funds. | point to AMP's Forms 990 or registration statements filed with OCRP) to this Request. The AG has informed AMP that it may redact individuals' names from documents to resolve disputes.<br><br>The scope of this Request is reasonable to determine whether AMP's expenditures are consistent with its representations in its solicitation materials.<br><br>The AG continues to seek AMP's compliance with this Request. | |
| **RFP 23**: All documents pertaining to grants and other assistance given to individuals according to your Form 990 responses for each year in Part IX, Line 2, including the recipients of those funds. | AMP provided no substantive responses (except, perhaps, to point to AMP's Forms 990 or registration statements filed with OCRP) to this Request.<br><br>The AG incorporates its response regarding *First Choice v. Platkin* set out in RFP 4 above. The scope of this Request is reasonable to determine whether AMP's expenditures are consistent | AMP objects to this Request under the First as well as the Fourth Amendment because the scope is not reasonable in time or content. Furthermore, redacting names does not resolve any First Amendment concerns. The Supreme Court of the United States recently addressed quite a similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns.<br>Located on the Supreme Court's website, at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24 781_f2bh.pdf (last accessed Dec. 23, 2025). |

CID Compliance Chart

|  |  |  |
|---|---|---|
|  | with its representations in its solicitation materials.<br><br>The AG will consider this Request to be resolved if AMP provides the requested documents for 2020 only with redactions for the names of the individual recipients. | Furthermore, this Request exceeds the scope of questions previously propounded to other CID recipients by the Virginia Attorney General's office in similar circumstances and is therefore without precedent, as well as failing to be narrowly tailored to the injury purportedly under investigation. |
| **RFP 24**: All documents pertaining to funds used for Lobbying according to your Form 990 responses for each year in Part IX, Line 1 l(d), including the recipients of those funds. | AMP provided no substantive response to this Request (except, perhaps, to point to AMP's Forms 990 or registration statements filed with OCRP).<br><br>The AG will consider this Request to be resolved if AMP formally supplements its response to provide the requested documentation for 2020, 2021, and 2022, and states that it has no responsive records for the other years covered by the CID consistent with AMP's offered explanation. | AMP engages in limited to no lobbying. In response to Interrogatory No. 3, AMP explained that it is affiliated with the separately incorporated 501(c)(4) entity AJP Action, which engages in lobbying activity. |
| **RFP 25**: All documents pertaining to funds used for Other according to your Form 990 responses for each | AMP has provided no substantive responses (except, perhaps, to point to AMP's Forms 990 or registration statements filed with OCRP) to this Request. | AMP objects to this Request under the First as well as the Fourth Amendment because the scope is not reasonable in time or content. Furthermore, redacting names does not resolve any First Amendment concerns. The Supreme Court of the United States recently addressed quite a similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office |

CID Compliance Chart

| | | |
|---|---|---|
| year in Part IX, Line 11 (g), including the recipients of those funds. | The AG denies AMP's claim that this Request is unusual and without precedent. This Request is consistent with the scope of past CIDs. The AG maintains the confidentiality of all nonpublic investigative materials, including CIDs pursuant to Virginia law.<br><br>The AG offered for AMP to redact individuals' names from documents to resolve any objections.<br><br>The AG incorporates its response regarding *First Choice v. Platkin* set out in RFP 4 above. The scope of this Request is reasonable to determine whether AMP's expenditures are consistent with its representations in its solicitation materials.<br><br>The AG will consider this Request to be resolved if AMP formally supplements its response to provide the requested documentation for 2021 and 2023, as the amounts reported in Other in those years represented a significant | how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns.<br>Located on the Supreme Court's website, at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf (last accessed Dec. 23, 2025).<br><br>Furthermore, this Request exceeds the scope of questions previously propounded to other CID recipients by the Virginia Attorney General's office in similar circumstances and is therefore without precedent, as well as failing to be narrowly tailored to the injury purportedly under investigation.<br>And, the Attorney General's office has yet to identify a single complaint received from any prior donor to AMP, that could even potentially justify a narrowly tailored request on this issue.<br>Last, as identified by Judge Brinkema in her previous rulings in this matter, the Attorney General has voiced its concerns about solicitation, or money coming in to AMP—not AMP's expenditures, or money going out. |

CID Compliance Chart

| | portion of AMP's expenditures and the AG seeks to evaluate whether AMP's expenditures are compliant with Virginia law and AMP's solicitation representations. | |
|---|---|---|
| **RFP 26**: All documents pertaining to Advertising and promotion according to your Form 990 responses for each year in Part IX, Line 12, including the recipients of those funds. | AMP provided no substantive responses (except, perhaps, to point to AMP's Forms 990 or registration statements filed with OCRP) to this Request.<br><br>The AG denies AMP's claim that this Request is unusual and without precedent. This Request is consistent with the scope of past CIDs. The AG maintains the confidentiality of all nonpublic investigative materials, including CIDs pursuant to Virginia law.<br><br>The AG incorporates its response regarding *First Choice v. Platkin* set out in RFP 4 above. The scope of this Request is reasonable to determine whether AMP's expenditures are consistent with its representations in its solicitation materials. | AMP objects to this Request under the First as well as the Fourth Amendment because the scope is not reasonable in time or content. Furthermore, redacting names does not resolve any First Amendment concerns. The Supreme Court of the United States recently addressed quite a similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns.<br>Located on the Supreme Court's website, at<br>https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf (last accessed Dec. 23, 2025).<br><br>Furthermore, this Request exceeds the scope of questions previously propounded to other CID recipients by the Virginia Attorney General's office in similar circumstances and is therefore without precedent, as well as failing to be narrowly tailored to the injury purportedly under investigation.<br>And, the Attorney General's office has yet to identify a single complaint received from any prior donor to AMP, that could even potentially justify a narrowly tailored request on this issue.<br>Last, as identified by Judge Brinkema in her previous rulings in this matter, the Attorney General has voiced its concerns about solicitation, or money coming in to AMP—not AMP's expenditures, or money going out. |

CID Compliance Chart

|  | The AG denies AMP's claim that this Request is unusual and without precedent. This Request is consistent with the scope of past CIDs. The AG maintains the confidentiality of all nonpublic investigative materials, including CIDs, pursuant to Virginia law.<br><br>The AG will withdraw this Request, provided that the remainder of the requests prioritized by the AG herein are resolved. |  |
|---|---|---|
| **RFP 27**: All documents pertaining to funds used for Occupancy according to your Form 990 responses for each year in Part IX, Line 16, including the recipients of those funds. | AMP provided no substantive responses (except, perhaps, to point to AMP's Forms 990 or registration statements filed with OCRP) to this Request.<br><br>The AG offered for AMP to redact individuals' names from documents to resolve any objections.<br><br>The AG incorporates its response regarding *First Choice v. Platkin* set out in RFP 4 above. The scope of this Request is reasonable to determine whether AMP's expenditures are consistent | AMP objects to this request because of its unreasonable scope, and pursuant to AMP's First Amendment right to freedom of association. AMP objects to this Request under the First as well as the Fourth Amendment because the scope is not reasonable in time or content. Furthermore, redacting names does not resolve any First Amendment concerns. The Supreme Court of the United States recently addressed quite a similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns. Located on the Supreme Court's website, at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf (last accessed Dec. 23, 2025). |

CID Compliance Chart

| | with its representations in its solicitation materials.<br><br>The AG denies AMP's claim that this Request is unusual and without precedent. This Request is consistent with the scope of past CIDs. The AG maintains the confidentiality of CIDs pursuant to Virginia law.<br><br>The AG agrees to withdraw this request. | Furthermore, this Request exceeds the scope of questions previously propounded to other CID recipients by the Virginia Attorney General's office in similar circumstances and is therefore without precedent, as well as failing to be narrowly tailored to the injury purportedly under investigation.<br>And, the Attorney General's office has yet to identify a single complaint received from any prior donor to AMP, that could even potentially justify a narrowly tailored request on this issue.<br>Last, as identified by Judge Brinkema in her previous rulings in this matter, the Attorney General has voiced its concerns about solicitation, or money coming in to AMP—not AMP's expenditures, or money going out. |
|---|---|---|
| **RFP 28**: All documents pertaining to funds used for Travel according to your Form 990 responses for each year in Part IX, Line 17, including the recipients of those funds. | AMP provided no substantive responses (except, perhaps, to point to AMP's Forms 990 or registration statements filed with OCRP) to this Request.<br><br>The AG incorporates its response regarding *First Choice v. Platkin* set out in RFP 4 above. The scope of this Request is reasonable to determine whether AMP's expenditures are consistent with its representations in its solicitation materials.<br><br>The AG denies AMP's claim that this Request is unusual and without precedent. This | AMP objects to this request because of its unreasonable scope, and pursuant to AMP's First Amendment right to freedom of association. AMP objects to this Request under the First as well as the Fourth Amendment because the scope is not reasonable in time or content. Furthermore, redacting names does not resolve any First Amendment concerns. The Supreme Court of the United States recently addressed quite a similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns. Located on the Supreme Court's website, at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf (last accessed Dec. 23, 2025).<br><br>Furthermore, this Request exceeds the scope of questions previously propounded to other CID recipients by the Virginia Attorney General's office |

CID Compliance Chart

| | | |
|---|---|---|
| | Request is consistent with the scope of past CIDs. The AG maintains the confidentiality of CIDs pursuant to Virginia law.<br><br>The AG will withdraw this Request, provided that the remainder of the requests prioritized by the AG herein are resolved. | in similar circumstances and is therefore without precedent, as well as failing to be narrowly tailored to the injury purportedly under investigation.<br>And, the Attorney General's office has yet to identify a single complaint received from any prior donor to AMP, that could even potentially justify a narrowly tailored request on this issue.<br>Last, as identified by Judge Brinkema in her previous rulings in this matter, the Attorney General has voiced its concerns about solicitation, or money coming in to AMP—not AMP's expenditures, or money going out. |
| **RFP 29**: All documents pertaining to funds used for Conferences, conventions, and meetings according to your Form 990 responses for each year in Part IX, Line 19, including the recipients of those funds. | AMP provided no substantive responses (except, perhaps, to point to AMP's Forms 990 or registration statements filed with OCRP) to this Request. The AG offered for AMP to redact individuals' names from documents to resolve objections.<br><br>The AG incorporates its response regarding *First Choice v. Platkin* set out in RFP 4 above. The scope of this Request is reasonable to determine whether AMP's expenditures are consistent with its representations in its solicitation materials.<br><br>The AG denies AMP's claim that this Request is unusual | AMP objects to this request because of its unreasonable scope, and pursuant to AMP's First Amendment right to freedom of association.<br>And, the Attorney General's office has yet to identify a single complaint received from any prior donor to AMP, that could even potentially justify a narrowly tailored request on this issue.<br>Last, as identified by Judge Brinkema in her previous rulings in this matter, the Attorney General has voiced its concerns about solicitation, or money coming in to AMP—not AMP's expenditures, or money going out.<br>The Supreme Court of the United States recently addressed quite a similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns.<br>Located on the Supreme Court's website, at<br>https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf (last accessed Dec. 23, 2025). |

CID Compliance Chart

| | | |
|---|---|---|
| | and without precedent. This Request is consistent with the scope of past CIDs. The AG maintains the confidentiality of all nonpublic investigative materials, including CIDs, pursuant to Virginia law.<br><br>The AG continues to seek compliance with this Request. | |
| **RFP 30**: All documents pertaining to funds used for Other expenses according to your Form 990 responses for each year in Part IX, Line 24, including the recipients of those funds. | AMP provided no substantive responses (except, perhaps, to point to AMP's Forms 990 or registration statements filed with OCRP) to this Request.<br><br>The AG offered for AMP to redact individuals' names from documents to resolve any objections.<br><br>The AG incorporates its response regarding *First Choice v. Platkin* set out in RFP 4 above. The scope of this Request is reasonable to determine whether AMP's expenditures are consistent with its representations in its solicitation materials. | AMP objects to this request because of its unreasonable scope, and pursuant to AMP's First Amendment right to freedom of association.<br>And, the Attorney General's office has yet to identify a single complaint received from any prior donor to AMP, that could even potentially justify a narrowly tailored request on this issue.<br>Last, as identified by Judge Brinkema in her previous rulings in this matter, the Attorney General has voiced its concerns about solicitation, or money coming in to AMP—not AMP's expenditures, or money going out.<br>The Supreme Court of the United States recently addressed quite a similar issue, in *First Choice Women's Resource Centers, Inc. v. Platkin*: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns.<br>Located on the Supreme Court's website, at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf (last accessed Dec. 23, 2025). |

CID Compliance Chart

| | | |
|---|---|---|
| | The AG denies AMP's claim that this Request is unusual and without precedent. This Request is consistent with the scope of past CIDs. The AG maintains the confidentiality of all nonpublic investigative materials, including CIDs, pursuant to Virginia law.<br><br>The AG continues to seek compliance with this Request. | |
| **Interrogatories Nos. 1, 2, 3, 4, 5, 6, and 12.** | AMP has satisfactorily responded to **Interrogatories Nos. 1, 2, 3, 4, 5, 6, and 12.** | <span style="color:green">Agreed</span> |
| **Interrogatory No. 7:** Identify all entities and persons (including, companies, nonprofits, and student organizations) to which you have disbursed money, and the amount of money disbursed to each entity or person.<br><br>***The AG has clarified that this request seeks | AMP's responses to this Interrogatory point to AMP's Forms 990 and registration statements filed with OCRP.<br><br>The AG offered for AMP to redact individuals' names to resolve objections.<br><br>The AG incorporates its response regarding *First Choice v. Platkin* set out in RFP 4 above. The scope of this Interrogatory is reasonable to determine whether AMP's expenditures are consistent with its | Judge Brinkema determined that requests about entities to which AMP has sent money are not reasonably related to the OAG's asserted investigation into AMP's *solicitation* activity.<br><br>AMP further continues to assert its objections to this request pursuant to the First Amendment and Fourth Amendment. And, the Attorney General's office has yet to identify a single complaint received from any prior donor to AMP, that could even potentially justify a narrowly tailored request on this issue. AMP further continues to assert its already briefed First Amendment and Fourth Amendment objections to this Request and its unreasonable request. |

CID Compliance Chart

| | | |
|---|---|---|
| information relating to expenses detailed in Section IX of AMP's 2018 Form 990\*\*\* | representations in its solicitation materials.<br><br>The AG continues to seek compliance with this Request. | |
| **Interrogatory No. 8**: Identify the service name, URL, and server (i.e., IP address) of each website, social media account, or other electronic or digital interface owned or used by you to communicate with donors and prospective donors, to make representations about program services, or to solicit or accept charitable contributions. | AMP's response to this Interrogatory appeared to be complete on its face, but included language suggesting that some information is being withheld.<br><br>This request is resolved pending formal supplement from AMP. | AMP withholds no information responsive to this request. It maintains no additional websites or social media accounts beyond those it has already identified. |
| **Interrogatory No. 9**: For Line 24 in your 2018 Form 990, identify by describing the nature of the expense, the recipients of the funds, and the | AMP has not provided a substantive response to Interrogatory No. 9 other than pointing to AMP's Forms 990 and registration statements filed with OCRP. | AMP objects to this request pursuant to the First Amendment and the Fourth Amendment. AMP objects to this request because of its unreasonable scope, and pursuant to AMP's First Amendment right to freedom of association.<br>And, the Attorney General's office has yet to identify a single complaint received from any prior donor to AMP, that could even potentially justify a narrowly tailored request on this issue. |

CID Compliance Chart

| | | |
|---|---|---|
| amount of funds disbursed to each recipient, each of the itemized expenses listed.<br><br>***The AG has clarified that this request seeks information relating to expenses detailed in Section IX of AMP's 2018 Form 990*** | The AG offered for AMP to redact individuals' names to resolve objections.<br><br>The AG incorporates its response regarding *First Choice v. Platkin* set out in RFP 4 above. The scope of this Interrogatory is reasonable to determine whether AMP's expenditures are consistent with its representations in its solicitation materials.<br><br>The AG continues to seek compliance with this Request. | Last, as identified by Judge Brinkema in her previous rulings in this matter, the Attorney General has voiced its concerns about solicitation, or money coming in to AMP—not AMP's expenditures, or money going out.<br>The Supreme Court of the United States recently addressed quite a similar issue, in First Choice Women's Resource Centers, Inc. v. Platkin: at oral argument last month, Chief Justice Roberts asked counsel for the New Jersey Attorney General's office how to get past "a credible chilling effect from the state seeking full names, phone numbers, addresses, present or last known place of employment, of every one of their donors who gave through any means other than the one specific website" and thereby recognized the inherent insufficiency in simply offering confidentiality agreements or redactions to ameliorate constitutional concerns.<br>Located on the Supreme Court's website, at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24781_f2bh.pdf  (last accessed Dec. 23, 2025).<br><br>And, the Attorney General's office has yet to identify a single complaint received from any prior donor to AMP, that could even potentially justify a narrowly tailored request on this issue.<br>Last, as identified by Judge Brinkema in her previous rulings in this matter, the Attorney General has voiced its concerns about solicitation, or money coming in to AMP—not AMP's expenditures, or money going out. |
| **Interrogatory No. 10**: List every lawsuit filed against you, and for each suit, state (elements a. through e.)<br><br>***This Interrogatory has multiple subparts and | AMP's response to this Interrogatory appeared to be complete on its face, but included language suggesting that some information is being withheld.<br><br>This request is resolved pending formal supplement from AMP. | AMP withholds only information responsive to subpart d of this Interrogatory, subject to the relevant confidentiality orders in force in the relevant litigation. |

CID Compliance Chart

| appears here in abbreviated form.*** | | |
|---|---|---|
| **Interrogatory No. 11**: Identify each proceeding (including investigations, subpoenas, civil investigative demands, other formal or informal requests for information, inquiries, actions, and arbitrations) with any governmental entity, to which you or any officer or director of you was a subject or party. For each proceeding:<br><br>***This Interrogatory has multiple subparts and appears here in abbreviated form.*** | AMP's response to this Interrogatory appeared to be complete on its face, but included language suggesting that some information is being withheld.<br><br>This request is resolved pending formal supplement from AMP. | AMP withholds no information responsive to this Interrogatory. |